1  WO

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7               FOR THE DISTRICT OF ARIZONA

8
   UNITED STATES OF AMERICA,        )
9                                    )
              Plaintiff,             )     06 MJ 04175 PCT MEA
10                                   )     06 MJ 04182 PCT MEA
              v.                     )
11                                   )          ORDER
   NATHAN GENE BEGAYE,              )
12                                   )
              Defendant.            )
13  _____)

14
                        BACKGROUND
15
           On June 19, 2006, a complaint was filed charging
16
   Defendant with possession with intent to distribute
17
   methamphetamine in violation of 21 U.S.C. § 841, in a case
18
   docketed as 3:06 MJ 4175.  This charge was the result of a
19
   traffic stop conducted on May 12, 2006, by an Arizona Department
20
   of Public Safety Officer (Officer Whitehair) on a United States
21
   highway located within the boundaries of the Navajo Nation.  The
22
   complaint was issued based upon an affidavit filed by an agent
23
   of the Federal Bureau of Investigation, Special Agent Rominger.
24
   In case number 3:06 MJ 4182, Defendant is charged with two
25
   counts of violating 21 U.S.C. § 841, possession with the intent
26
   to distribute methamphetamine and cocaine, charges arising from
27
   the discovery of drugs in Defendant's possession at the time of
28

his arrest on the first complaint (06 MJ 4175) on June 27, 2006.

Joint preliminary hearings and detention hearings regarding both complaints were held in this matter on June 29, 2006.  Two statements of probable cause regarding the charges were entered into evidence by the government.  One statement of probable cause was completed by FBI Special Agent Rominger and one statement of probable cause was completed by Navajo Nation Criminal Investigator Michael Begay.

At the hearing, Navajo Nation Criminal Investigator Michael Begay testified on behalf of the government.  Criminal Investigator Begay was the sole witness to testify for the government at the hearing.  Criminal Investigator Begay testified that, in preparation for the hearings, he had reviewed the statement of probable cause completed by Special Agent Rominger.  Criminal Investigator Begay also testified he had reviewed the Arizona Department of Public Safety report of Officer Whitehair, regarding the traffic stop of Defendant on May 12, 2006; Defendant and his brother were stopped by a DPS officer for speeding and during the traffic stop methamphetamine was located in the vehicle.

During cross-examination, defense counsel moved the Court to order the government to disclose Officer Whitehair's police report pursuant to Rule 26.2, Federal Rules of Criminal Procedure.  The government then voir dired Criminal Investigator Begay, who stated the DPS report was not a document prepared by him.  In response to the Court's inquiry, Criminal Investigator Begay indicated the report did not detail any of his own

-2-

investigative efforts.   The government then objected to the request to produce the police report, arguing the report was not "Jencks Act" material pursuant to Rule 26.2 because the report did not reflect any activity by Criminal Investigator Begay. Defense counsel responded that, because all of Criminal Investigator Begay's testimony was predicated on the report, the report was incorporated by the testimony and should be produced.

The Court denied Defendant's Rule 26.2 request.   The Court found there was probable cause to support the charges in the complaints.   Defendant was bound over to District Court for further proceedings.   Defendant was also detained as a danger and a flight risk.

Defense counsel moved for the government to produce all "statements" of the witness, i.e., Criminal Investigator Begay, relevant to the witness's direct testimony, pursuant to Rule 26.2, Federal Rules of Criminal Procedure.   The Court denied defendant's Rule 26.2 motion, noting the Court disagreed with a published decision of another judge of the District of Arizona, United States v. Wicktor, 403 F. Supp. 2d 964, 966-67 (D. Ariz. 2005).   The motion was denied for the reasons that follow.

**Legal Analysis**

Defendant sought disclosure of witness statements at the preliminary hearing, pursuant to Rule 26.2, Federal Rules of Criminal Procedure. Historically, defendants were not entitled to discovery at preliminary hearings other than that incidentally learned as a result of the hearing.

-3-

> The mission of the hearing is an investigation into probable cause for further proceedings against the accused. It does not include discovery for the sake of discovery. To be sure, the evidence the Government offers to establish probable cause is by nature also discovery for the accused. So also is information adduced on cross-examination of Government witnesses on the aspects of direct-examination testimony tending to build up probable cause. In those senses, some discovery becomes a by-product of the process of demonstrating probable cause. But in no sense is discovery a legitimate end unto itself.

Coleman v. Burnett, 477 F.2d 1187, 1199-1200 (D.C. Cir. 1973). See also United States V. Mulligan, 520 F.2d 1327, 1330 (6th Cir. 1975); United States v. Foster, 440 F.2d 390, 392 (7th Cir. 1971); 2 Charles Wright, Federal Practice and Procedure § 85 (2d ed. 1982).

However, with the advent of Rule 26.2 and its subsequent amendments the legal landscape with regard to preliminary hearings has changed. The principles of the "Jencks Act," codified at 18 U.S.C. § 3500 and providing for the disclosure to the parties of statements made by testifying witnesses, have been specifically incorporated into the rules governing preliminary hearings held pursuant to Rule 5.1, Federal Rules of Criminal Procedure, and 18 U.S.C. § 3060. As a result, an avenue of discovery during preliminary hearings, not previously available to the defense, or to the government, has been established. The question before the Court is how broad an avenue is available at this time?

Rule 26.2(a), Federal Rules of Criminal Procedure, provides:

> After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's

attorney to produce, for the examination and use of the
moving party, any statement of the witness that is in
their possession and that relates to the subject matter
of the witness's testimony.

Rule 26.2 also defines the type of statement to be produced
at the conclusion of the witness's direct testimony as follows:

As used in this rule, a witness's "statement" means:
(1) a written statement that the <u>witness makes</u> and
signs, or otherwise adopts or approves;
(2) a substantially verbatim, contemporaneously
recorded recital of the <u>witness's oral statement</u> that
is contained in any recording or any transcription of
a recording; or
(3) the <u>witness's statement</u> to a grand jury, however
taken or recorded, or a transcription of such a
statement.[1]

(emphasis added).

Therefore, assuming relevancy, a statement is a Jencks
"statement," which must be disclosed pursuant to Rule 26.2, if

---

[1] The definition parallels that found in the present version of
18 U.S.C. § 3500(e).

e) The term "statement", as used in subsections (b),
(c), and (d) of this section in relation to any
witness called by the United States, means--
(1) a written statement made by said witness and
signed or otherwise adopted or approved by him;
(2) a stenographic, mechanical, electrical, or other
recording, or a transcription thereof, which is a
substantially verbatim recital of an oral statement
made by said witness and recorded contemporaneously
with the making of such oral statement; or
(3) a statement, however taken or recorded, or a
transcription thereof, if any, made by said witness
to a grand jury.

For simplicity, the Court will refer to such statements as
"Jencks Act" statements as there is limited authority discussing Rule 26.2
as it applies to preliminary hearings and the Court must rely principally
upon authority defining the scope of the Jencks Act in traditional trial
settings. <u>Cf.</u> Fed. R. Crim P. 26.2(f) Advisory Committee note, 1979
amendments (stating that Rule 26.2 places the substance of 18 U.S.C.
§ 35000 in the criminal rules while also providing for the production
of defense witness statements).

-5-

(1) the witness makes a written statement which the witness signed or otherwise adopted or approved; (2) the witness made an oral statement which was recorded in a substantially verbatim and contemporaneously manner and is contained in any recording or transcript of the recording; or (3) the witness testified before a grand jury and the testimony was recorded in some manner.  In this matter, Defendant sought a statement made by a person other than the witness who testified at the hearing, which third-party's statement Defendant contended was "otherwise" adopted or approved by the witness who testified. In essence, Defendant contended that, by reviewing investigative reports compiled by others and testifying as to their contents at the preliminary hearing, the government's witness "adopted or approved" the contents of the reports and they constitute producible Jencks Act statements of the witness.

A review of the limited published opinions from the federal courts regarding this issue indicates that resolving the question of whether a third-party agent's investigative report is a "statement" of an agent testifying at a preliminary hearing is analogous to trying to place a square peg in a round hole.

In <u>Campbell v. United States</u>, 296 F.2d 527 (1st Cir. 1961), the First Circuit defined how a Jencks Act statement might be "signed, or otherwise adopted or approved" by a witness in a trial setting, stating:

Where the statute says "signed, or otherwise adopted or approved," by ordinary principles of noscitur a sociis,[2] we think this means an approval comparable to a signature, and refers to the written statement itself, not merely approval of a general account of which the writing may be representative.

296 F.2d at 532-33.

The court in United States v. McCarthy, 301 F.2d 796, 797-98 (3rd Cir. 1962), also interpreted the same language.  In McCarthy, two FBI agents, Smith and Carrig, interviewed the defendant and both took notes.  Carrig later prepared a report of the interview utilizing the notes.  Both agents checked and discussed the report for accuracy.  At trial, Smith testified regarding the interview, but he no longer possessed his interview notes, indicating they may have been destroyed. Defense counsel moved for production of Carrig's report of the defendant's interview.  The motion was denied and the defendant was convicted.  On appeal, the Third Circuit, relying upon Clancy v. United States, 365 U.S. 312 (1961), concluded denying the motion was a Jencks Act violation and remanded the matter for a new trial.  The Third Circuit held that Carrig's written report had been adopted or approved by Smith even though not actually authored by Smith.

In Government of the Virgin Islands v. Lovell, 410 F.2d 307, 309-10 (3rd Cir. 1969) the court again had occasion to determine what the term "approved" meant in the context of the Jencks Act.  Prior to trial, a detective Torres interviewed the

_____

[2] "A thing is known by its associates," i.e., the words of a statute are to be construed in their context.

-7-

defendant outside of the presence of detective Groneveldt.  When the report of the defendant's interview was completed by detective Torres, detective Groneveldt, detective Torres' supervisor, signed off on the report as "approved."

At trial, detective Groneveldt testified.  At the conclusion of the detective's direct testimony, defense counsel moved for production of all Jencks Act statements of the witness, including detective Torres' report.  The Third Circuit held detective Groneveldt's signature and use of the term "approved," as found on the report, did not equate with the Jencks Act's use of "signed or otherwise adopted or approved" and ruled that a Jencks Act violation did not occur.

Based upon the above authority, it would appear in the context of Jencks Act statements that a limited joint investigation doctrine has been recognized by the courts, i.e., a report is a Jencks statement even if the testifying witness did not author the report, if the testifying witness participated in the investigative activity specified in the report and concurs in the report's accuracy.  However, there does appear to be limits to the doctrine.  In United States v. Gotchis, 803 F.2d 74, 77 (2d Cir. 1986), an informant gave certain information to Drug Enforcement Agency ("DEA") agent Cash regarding the defendant.  Agent Cash conveyed the information to DEA agent Candell, who wrote the information down and, relying upon the information, subsequently arrested the defendant at an airport.  At a suppression hearing, at the close of agent Candell's direct testimony, the defendant, pursuant to

-8-

Rule 26.2, moved for production of agent Candell's rough notes regarding agent Cash's tip. The motion was denied and the defendant convicted. On appeal, the Second Circuit stated:

> Rule 26.2(f)(1), it seems to us, contemplates writings that the witness has in some manner vouched for. Candell, who apparently just wrote down what Cash told him, did not sign, approve, or adopt the notes. He was in no position when he took the notes to vouch for the accuracy of Cash's tip. Although he later acted on the information Cash had given him, nursing the belief or hope, no doubt, that the information was accurate, he did not thereby "adopt" Cash's description of the suspect in any way we think the rule embraces.

803 F.2d at 77. <u>See also</u> <u>United States v. Bobadilla-Lopez</u>, 954 F.2d 519, 522-23 (9th Cir. 1992).

In a case more analogous to the present matter, <u>United States v. Blas</u>, 947 F.2d 1320, 1326-27 (7th Cir. 1991), the court analyzed the scope of the Jencks Act's applicability to sentencing proceedings. At sentencing, DEA agent Andrews indicated that, prior to testifying, he had reviewed a number of agencies' reports, not authored by himself nor reflecting agent Andrews' investigation, but relating to the defendant's other arrests and activities. Defense counsel moved for production of the reports pursuant to Federal Rule of Evidence 612 and the Jencks Act.

The Seventh Circuit rejected the defendant's argument that he was entitled to production of the written materials pursuant to Rule 612, Federal Rules of Evidence. Rule 612 provides that if a witness refreshes his or her memory from a writing prior to testifying the adverse party is entitled to have the writing produced for inspection and use at the hearing.

-9-

The court noted the relevant proceeding in the case was a sentencing hearing and stated:

> Initially, we note that Rule 1101(d)(3) explicitly makes the evidentiary rules, "other than with respect to privileges," inapplicable to sentencing proceedings: "The rules (other than with respect to privileges) do not apply in the following situations: ... Proceedings for extradition or rendition; preliminary examinations in criminal cases; sentencing, or granting or revoking probation ..." [] But even if Rule 612 were applicable, the appellant's argument would fail.

947 F.2d at 1327.[3]

In regard to defendant's Jencks Act argument, the court stated:

> Blas has failed to assert and the record is void of any evidence that the records Andrews reviewed prior to testifying contained statements "made by" Andrews. Thus, the documents were not Andrews' "statements" and do not require production under the Jencks Act.

<u>Id.</u> at 1327.[4]

---

[3] The Ninth Circuit has similarly held the Rules of Evidence generally do not apply to preliminary hearings. <u>See</u> <u>United States v. Brewer</u>, 947 F.2d 404, 410 (9th Cir. 1991). Likewise, the Rules of Evidence generally do not apply to detention hearings held pursuant to the Bail Reform Act. <u>See</u> 18 U.S.C. § 3142(f) (2000 & Supp. 2006).

[4] A similar conclusion was reached by the Sixth Circuit Court of Appeals in an unpublished opinion, which is noted here because of the lack of published persuasive authority on point. <u>See</u> <u>United States v. Robinson</u>, 48 F.3d 1220 (Table), 1995 WL 106117 at *1 (6th Cir.).

> Defendant argues that the district court erred in refusing to require the disclosure of the entire case file of an FBI agent who testified at the detention hearing pursuant to Rule 26.2, Fed. R. Crim. P. The district court did, however, require the government to produce certain witness interview reports prepared by the agent that related to the subject matter of his testimony at the hearing. Rule 26.2 does not mandate the

-10-

The Court respectfully disagrees with the conclusion reached in United States v. Wicktor, 403 F. Supp. 2d 964, 966-67 (D. Ariz. 2005).  In Wicktor, a different judge of the District of Arizona concluded investigative reports prepared by detectives who did not testify at a preliminary hearing must be disclosed pursuant to Rule 26.2.  Although the authors of the reports did not testify at the hearing, a detective Susuras testified and based his testimony on his own knowledge and his review of the other detectives' reports.  The court concluded the reports were "statements" of the testifying agent because he had otherwise adopted or approved the reports by stating in his testimony that he adopted and approved the other detectives' reports as official reports in the case.

> Here, the detectives' reports are properly considered Detective Susuras' own words.  Detective Susuras drafted a criminal complaint based on those reports, supported his claim of probable cause based on those reports, and adopted them as official reports. Although Detective Susuras neither uttered nor drafted the words in the detective reports, he adopted the detectives' words as his own.  As such, the reports of Detectives Kellog, Kiefger, and Diaz are Rule 26.2(a) "statements" as to Detective Susuras who testified at the preliminary hearing.

403 F. Supp. 2d at 967.

The Wicktor decision cites the Fifth Circuit Court of Appeals' conclusion in United States v. Sink, 586 F.2d 1041, 1049-50 (5th Cir. 1978), as instructive.  In Sink, Secret Service agent Stebbins prepared a report regarding the

> disclosure of third-party statements, or of statements not related to the subject matter concerning which the witness has testified.

-11-

defendant's criminal activity and testified at the defendant's trial.   The arresting agent, Secret Service agent Conelly, also testified at trial.   Defendant moved for production of the report which the trial court denied.   After remand for an evidentiary hearing, the Fifth Circuit concluded agent Stebbins' report was a Jencks Act statement with regard to Agent Conelly, because Conelly had "endorsed" the report and "verified" its accuracy.   See 586 F.2d at 1049-50.   The court did not describe how agent Conelly endorsed and verified the report but previously described the agents' joint investigative activities. See id. at 1044-45.   A review of those activities lead this Court to conclude the Fifth Circuit was applying, in a traditional sense, the joint investigation doctrine described supra.   See United States v. Welch, 810 F.2d 485, 490 (5th Cir. 1987).   Therefore, Sink is consistent with Campbell, McCarthy, Lowell, and Blas.

In further support of this conclusion, the Court notes the rules of discovery found in Rule 16, Federal Rules of Criminal Procedure, are not applicable to preliminary hearings and do not contemplate the production of witness statements to the defense in this context.   See Sciortino v. Zampano, 385 F.2d 132, 134 & n.2 (2d Cir. 1967) ("Those who advocate broadening the scope of discovery in criminal cases do not suggest expanding the functions of the preliminary hearing as a means of accomplishing this result.").   Even if Rule 16 were directly applicable to preliminary hearings, Rules 16(a)(2) and (b)(2) prohibit the general disclosure of investigative reports in a

-12-

criminal matter: "Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500." Rule 16(a)(2), Fed. R. Crim. P. (2006).

<b>Conclusion</b>

The Court finds <u>Blas</u> controlling regarding the issue before the Court. Granting Defendant's motion would have engrafted upon Rule 26.2 the production doctrine found in Rule 612, Federal Rules of Evidence, which is prohibited by Rule 1101(d)(3), Federal Rules of Evidence. Therefore, based upon the foregoing, Defendant's Rule 26.2 motion was denied.

DATED this 3rd day of July, 2006.


_____
Mark E. Aspey
United States Magistrate Judge